**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1623
_____

UNITED STATES OF AMERICA

v.

CAM L. HERRING,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-13-cr-00075-002)
District Judge: Hon. Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2014

BEFORE: VANASKIE, GREENBERG AND COWEN, Circuit Judges

(Filed: January 6, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

The defendant-appellant, Cam Herring ("Appellant"), appeals the judgment of sentence entered against him by the United States District Court for the District of Delaware. We will affirm.

**I.**

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis.

Appellant, along with two other individuals, decided to rob a bank branch located in a supermarket. On the day of the robbery, Appellant was picked up in Delaware by his co-defendant, Joseph Campbell, to go buy cocaine base. Also in the car was Appellant's other co-defendant, Barry Griffith, who Appellant did not know previously. While high, Appellant and his co-defendants discussed robbing a bank. They drove to a Walmart in Delaware and purchased a toy gun and colored the orange tip to make it look more realistic. They then drove to a shopping center in Pennsylvania that contained a branch of Citizens Bank.

When they arrived at the shopping center, Appellant exited the car, identified that the shopping center did indeed contain a bank branch, and gave the "all clear" sign for Griffith to rob the bank. (Presentence Report ("PSR") ¶ 15.) Griffith alone entered the bank and approached the teller. He threatened to "blow off" the teller's head, but no gun was displayed. The teller provided Griffith with an undisclosed amount of money and placed it into a white shopping bag that Griffith had provided. Griffith then exited the

2

bank and entered the car driven by Campbell and in which Appellant was the passenger. The three men were eventually arrested in Delaware.

At sentencing, Appellant made two objections to the PSR. First, he argued that the two additional points included in the guideline calculation pursuant to U.S.S.G. § 2B3.1(b)(2)(F) for a death threat in the course of the robbery were inappropriate because the threat made his co-defendant was not reasonably foreseeable to him. Second, he argued he was entitled to a "minor role" adjustment given that he was merely the lookout in the criminal enterprise. The District Court overruled both objections and sentenced Appellant accordingly. This appeal followed.

## II.

We exercise plenary review regarding an interpretation of the Sentencing Guidelines and review factual findings relevant to the Guidelines for clear error. *United States v. Boney*, 769 F.3d 153, 158 (3d Cir. 2014).

A co-conspirator is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1.B1.3(a)(1)(B). Appellant asserts that Griffith's death threat aimed at the teller was not reasonably foreseeable to him. For support, Appellant relies on the fact that there was no evidence that the three defendants discussed the tactics to be used during the robbery. The district court correctly rejected this argument. Such specificity is not required for an act to be deemed foreseeable. To the contrary, "[s]tandard foreseeability analysis does not require [a defendant] to foresee the precise means the perpetrators he aided would use in

3

making a threat of harm credible enough to overcome the victim's willingness to resist." *United States v. Dixon*, 982 F.2d 116, 120 (3d Cir. 1992). On a prior occasion, we therefore concluded that a defendant has "the duty to anticipate or foresee that a bank robbery in broad daylight would require some credible threat of deadly force." *Id.* Similarly here, the district court correctly noted, "when you get something that you want to have it look like [a] gun going into a robbery, it is reasonably foreseeable that there will be a threat of death." (App. II-11.)

Nor do we find Appellant's arguments persuasive regarding his entitlement to a "minor role" adjustment. He asserts that his role was not qualitatively equal to that of the other participants. In determining whether a participant played a minor role in a crime, we typically consider the following three factors: (1) the nature of the defendant's relationship to other participants, (2) the importance of the defendant's actions to the success of the venture, and (3) the defendant's awareness of the nature and scope of the criminal enterprise. *United States v. Rodriguez*, 342 F.3d 296, 299 (3d Cir. 2003). As to the first factor, it is established that Appellant knew both of his co-defendants, as they had spent the afternoon together getting high and shopping for a toy gun. Moreover, as to the third factor, he was present when the decision to rob the bank was made and, as the District Court noted, Appellant had as much knowledge of the enterprise leading up to the robbery as his fellow participants.

Finally, although the District Court noted that the second factor was "a little bit weaker," it concluded that Appellant's role was "part of the attempt to have a successful

4

bank robbery." (App. II-16.) Indeed, as the government pointed out at the sentencing hearing, each participant had a distinct and important role to play in the robbery, the get-away driver, the lookout or "spotter," and the actual robber. (*Id.* at 15.) On these facts, we agree that Appellant was not entitled to any "minor role" adjustment for his participation in the robbery.

## III.

Because we conclude that Appellant's co-defendant's death threat was foreseeable and that he was not entitled to any "minor role" adjustment in his sentence, the judgment of sentence entered on March 11, 2014 will be affirmed.